UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
  MUHAMMAD RAZA ILAHI,            :

                                         :    **MEMORANDUM DECISION AND**
                   Plaintiff,     :    **ORDER**

                                         :
       - against -          :    23-cv-5843 (BMC)

                                         :
                                       :
  RENA BITTER, JULIE M. STUFFT, AND  :
  ANDREW SCHOFER,            :

                                         :
                  Defendants.    :
                                         :
-------------------------------------------------------- X

**COGAN**, District Judge.

     Plaintiff seeks mandamus relief and relief under the Administrative Procedure Act, alleging that the U.S. Embassy in Islamabad has failed to act with sufficient dispatch in interviewing his wife and adjudicating her visa application. Defendants are employees of the State Department, more particularly Consular Officers or Embassy Officers in Islamabad. They have moved to dismiss on various grounds. Plaintiff has not opposed the motion, but the Court has reviewed its merits independently and determines that the motion should be granted.

**BACKGROUND**

     In March 2019, plaintiff, a lawful permanent resident, filed a Form I-130 (Petition for Alien Relative) on behalf of his wife, a Pakistani national. USCIS approved the I-130 in February 2020 and assigned a priority date of March 6, 2019. Plaintiff and his wife subsequently advised the National Visa Center that they had a child in 2023.

     The law caps the number of visas that are authorized for issuance annually for each category of applicant. When the demand for visas in a category (usually based on the country of

birth) exceeds the amount authorized by Congress in a given year, that applicant is placed in line according to their priority date.  If Congress hasn't authorized the visa, the State Department can't issue it.  See 8 U.S.C. §§ 1151, 1152.

Plaintiff submitted a request to expedite his wife's I-130 in May 2023, but the request was denied.  He followed up with several subsequent communications inquiring about the status, in which he was advised that the application was awaiting assignment of an interview date.  As of this writing, more than four years after plaintiff filed the I-130, his wife still has not received an interview date.  His complaint seeks to "compel[] Defendants to carry out their non-discretionary duty to adjudicate Plaintiffs' DS-260 application."

## DISCUSSION

Defendants move to dismiss on several grounds: (1) lack of subject matter jurisdiction, because plaintiff's claim is not "ripe" for review; (2) consular non-reviewability; and (3) because any delay is not long enough to be actionable under the APA.

"Ripeness encompasses two overlapping doctrines concerning the exercise of federal court jurisdiction."  Entergy Nuclear Vt. Yankee, LLC v. Shumlin, 733 F.3d 393, 429 (2d Cir. 2013) (citing Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 57 n.18 (1993)) (internal quotation marks omitted).  The first, constitutional ripeness, "overlaps with the standing doctrine, 'most notably in the shared requirement that the plaintiff's injury be imminent rather than conjectural or hypothetical.'"  In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig., 725 F.3d 65, 110 (2d Cir. 2013) (quoting Ross v. Bank of Am., N.A., 524 F.3d 217, 226 (2d Cir. 2008)).  Prudential ripeness, meanwhile, is "an important exception to the usual rule that where jurisdiction exists a federal court must exercise it," and "allows a court to determine 'that the case will be better decided later.'"  Id. (quoting Simmonds v. Immigration Naturalization Serv.,

326 F.3d 351, 357 (2d Cir. 2003)).  In determining whether a case is prudentially ripe, courts examine "(1) whether [the case] is fit for judicial decision and (2) whether and to what extent the parties will endure hardship if decision is withheld."  Simmonds, 326 F.3d at 359 (citing Abbott Labs. v. Gardner, 387 U.S. 136, 148-49 (1967)).

I easily reject defendants' ripeness argument.  Unless a plaintiff's theory of recovery is frivolous, ripeness must be determined based on an assumption that his theory is valid.  See Valmonte v. Bane, 18 F.3d 992, 999 (2d Cir. 1994).

Plaintiff's wife's priority date is more than four years old.  As of March 2019, if plaintiff's wife had a right to a visa, she had it then.  From a constitutional "case or controversy" perspective, she has, under plaintiff's theory of the case, sustained an injury in not receiving an interview and an adjudication of her visa application.  Plaintiff claims his wife is entitled to one now under the law; defendants claim she is not.  In addition, from a prudential perspective, I see no reason that plaintiff should not be able to raise his claim now.  He may have a different theory on different facts on which to proceed at some point in the future, but his legal theory, even if wrong, is not so frivolous as to deprive this Court of subject matter jurisdiction.

Defendants have tried to take an arguable failure in plaintiff's claim due to the unavailability of a visa for his wife's category and recharacterize it as a ripeness defect.  The Supreme Court has repeatedly cautioned courts against transforming claim defects into jurisdictional bars.  See, e.g., Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011).  Moreover, regardless of whether there are currently visas available for plaintiff's wife's category, defendants have not pointed to anything suggesting that they cannot interview plaintiff's wife now in anticipation that she will eventually reach the front of the line.

However, defendants are correct that consular non-reviewability and the length of the delay preclude relief here.  Courts in this Circuit simply will not intervene in the process where the State Department is overwhelmed and provided with insufficient resources to approve or reject the number of applications it receives.  See Nurjahan v. U.S. Dep't of State, No. 22-cv-2692, 2023 WL 2931581, at *2 (E.D.N.Y. April 13, 2023) (quoting Abdo v. Tillerson, No. 17-cv-7519, 2019 WL 464819, at *3 (S.D.N.Y. Feb. 5, 2019)).  Additionally, "courts in this Circuit have repeatedly found that delays of as long as five years in [the] adjudication of immigration benefits are not unreasonable."  Al Saidi v. U.S. Embassy in Djibouti, 544 F. Supp. 3d 289, 297 (E.D.N.Y. 2021).

There may be some case where an applicant is being singled out and treated arbitrarily for no apparent reason and the delay becomes redressable by mandamus or under the APA.  But this is not that case.  Plaintiff and his wife are enduring the same thing that many if not most applicants endure, and his complaint offers nothing to suggest that defendants are out to "get" plaintiff and his wife as opposed to having decided to use their limited resources to interview applicants for whom a visa has become available.  The situation is deplorable, but it is not up to the courts to award preferences to those applicants with the resources or knowledge to bring lawsuits.  It is up to Congress, if it so desires, to allocate resources so that families do not have to be separated like plaintiff's family here.

Defendants' [6] motion to dismiss is therefore granted.

**SO ORDERED.**

_Brian M. Cogan_
_____
U.S.D.J.

Dated: Brooklyn, New York
       October 6, 2023

4